**Ogletree Deakins**

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile:  973-656-1611
www.ogletree.com

Leslie Lajewski, Esq.
Leslie.Lajewski@ogletreedeakins.com

## PRE-MOTION CONFERENCE REQUEST LETTER

February 13, 2026

**Via ECF**

The Honorable Ann M. Donnelly, U.S.D.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

    RE:  ***Moyle, et al. v. United Parcel Service, Inc.***
           **Civil Action No. 1:26-cv-706 (AMD)(LKE)**

Dear Judge Donnelly:

    We represent Defendant United Parcel Service, Inc. ("UPS") in the above-referenced matter (the "*Moyle 2*" matter). This is now the *fourth* matter that some or all of the instant Plaintiffs have filed against UPS, and as explained below, its claims are legally and factually frivolous. Pursuant to Your Honor's Individual Practices and Rules, UPS respectfully requests a pre-motion conference to obtain permission to file a motion to dismiss Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) to end Plaintiffs' baseless and harassing legal campaign against UPS.

    By way of background, on or about March 18, 2020, Plaintiffs Daniel Moyle, Carlos Palaguachi, Robert Santiago, Roy Welsh, Ahmed Radwan, Tyler Lilly, Travis Steele, Warren Payne, and Fari Murray filed *Murray, et al. v. UPS, et al.*, Docket No. 1:20-cv-1427 in the Eastern District of New York. On October 26, 2023, the Court dismissed *Murray* without prejudice for lack of subject matter jurisdiction.

    Invoking CPLR § 205(a), the former *Murray* plaintiffs (except for Plaintiff Murray) "refiled" *Murray* on January 31, 2024 in the Supreme Court of New York, Kings County as *Daniel Moyle et al. v. United Parcels Service, Inc.* ("*Moyle 1*"). [D.E. 1, Ex. 5 at ¶¶ 101 – 109]. However, Plaintiffs failed to serve the *Moyle 1* complaint on UPS until May 2, 2024, after the six-month time-period mandated by CPLR § 205(a) (*i.e.*, April 26, 2024) had expired. UPS removed *Moyle 1* to the United States District Court for the Eastern District of New York based on CAFA jurisdiction. On July 17, 2025, the Hon. LaShann DeArcy Hall, U.S.D.J. dismissed *Moyle 1* because Plaintiffs failed to comply with the service requirements of CPLR § 205(a), noting "[p]arties do not dispute that Plaintiffs did not serve Defendant with the Complaint until May 2, 2024...making it untimely." (*See Moyle 1* docket, July 17, 2025 Minute Entry and Order). Moyle 1 was closed on August 20, 2025.

**A South Carolina Professional Corporation** ■ Steven J. Luckner ■ New Jersey Managing Shareholder

Atlanta ■ Austin ■ Berlin (Germany) ■ Birmingham ■ Bloomfield Hills ■ Boston ■ Charleston ■ Charlotte ■ Chicago ■ Cleveland ■ Columbia ■ Dallas ■ Denver ■ Detroit Metro ■ Greenville
Houston ■ Indianapolis ■ Jackson ■ Kansas City ■ Las Vegas ■ London (England) ■ Los Angeles ■ Memphis ■ Mexico City (Mexico) ■ Miami ■ Milwaukee ■ Minneapolis ■ Montréal (Canada)
Morristown ■ Nashville ■ New Orleans ■ New York City ■ Oklahoma City ■ Orange County ■ Paris (France) ■ Philadelphia ■ Phoenix ■ Pittsburgh ■ Portland ■ Raleigh ■ Richmond
St. Louis ■ St. Thomas ■ Sacramento ■ San Antonio ■ San Diego ■ San Francisco ■ Seattle ■ Stamford ■ Tampa ■ Toronto (Canada) ■ Torrance ■ Tucson ■ Washington

Nevertheless, and again invoking CPLR § 205(a), Plaintiffs Palaguachi, Santiago, Radwan, and Payne "refiled" *Moyle 1* on September 3, 2025 in the Supreme Court of New York, Kings County as *Carlos Palaguachi et al. v. United Parcels Service, Inc.* ("*Palaguachi*"). UPS removed *Palaguachi* to the United States District Court for the Eastern District of New York again based on CAFA jurisdiction. Currently pending in *Palaguachi* is UPS's motion to dismiss because among other things, the *Palaguachi* plaintiffs cannot use CPLR § 205(a) to extend the applicable statute of limitations for their claims under both federal and New York state law.

Now, and once again invoking CPLR § 205(a), Plaintiffs Moyle, Welsh, Steele and Murray filed *Moyle 2* on January 12, 2026, on behalf of themselves and a putative class of "on-road supervisors," alleging that UPS owes unpaid overtime wages because UPS purposefully misclassified on-road supervisors as overtime-exempt, and UPS also violated the wage notice and wage statement requirements of NYLL § 195, the "Fair Play Act," and breached a contract with Plaintiffs. Relying on CPLR § 205(a), Plaintiffs claim that the six-year statute of limitations applicable to *Moyle 2* should be calculated backwards from the January 31, 2024 filing of *Moyle 1* (*i.e.* from January 31, 2018), rather than six years from January 12, 2026 when *Moyle 2* was filed (*i.e.* from January 12, 2020).

Plaintiffs' invocation of CPLR § 205(a) to *Moyle 2* is legally frivolous under both federal and state law. First, Plaintiffs' invocation of CPLR § 205(a) is frivolous as CPLR § 205(a) requires the "refiled" pleading to be based upon "the same transaction or occurrence or series of transactions or occurrences" by the same parties. *Moyle 1* and *Moyle 2* are not, as they have distinct putative classes, plaintiffs, class periods, legal theories, facts, proofs, and damages. CPLR § 205(a) is thus inapplicable to *Moyle 2* and the statute of limitations runs from January 12, 2020 onward making **all** of Plaintiffs' claims time-barred, as none of them held an on-road supervisor position after 2019.

Plaintiffs also cannot invoke CPLR § 205(a) because it only authorizes "a 'second' opportunity to file a claim after a 'first' or 'initial' claim is dismissed on a non-merits final judgment." *Moyle 2* is the *third* lawsuit that Plaintiffs attempt to invoke the relation back features of CPLR § 205(a); this is directly prohibited by binding Second Circuit law. *Ray v. Ray*, 22 F.4th 69, 74 (2d Cir. 2021). Likewise, Plaintiffs cannot invoke CPLR § 205(a) under New York law, as it forbids a party from reviving their claims under CPLR § 205(a) where there was a break in the chain of timeliness. *Tumminia v. Staten Island University Hospital*, 237 N.Y.S.3d 90, 96-97 (2nd Dep't, 2025). Plaintiffs admit that they did not timely serve the *Moyle 1* complaint (the pleading that Moyle 2 relies on to invoke CPLR § 2065(a)) on UPS until after the expiration of the six-month time-period mandated by CPLR § 205(a). **All** of Plaintiffs' claims are thus, again, time-barred. Accordingly, without a named plaintiff to represent the putative class, Plaintiffs class claims cannot continue. *Martin v. new Am. Cinema Grp., Inc.*, No. 22-cv-05982, 2023 U.S. Dist. LEXIS 26014, 2023 WL 2024672 at *9 (S.D.N.Y. Feb. 15, 2023) ("When a named plaintiff's claim is dismissed prior to class certification, the Court lacks jurisdiction over the putative class action claims.").

Plaintiffs' claim that UPS failed to pay overtime because it misclassified on-road supervisors as overtime exempt, although more than 80% of their duties were "non-exempt operational work" is also based upon factually frivolous allegations. As the Plaintiffs know, binding collective bargaining agreements between UPS and the Teamsters Union expressly forbid on-road supervisors from performing bargaining unit (*i.e.* package car driver) work including delivering, loading, and unloading packages, and imposes steep monetary penalties on UPS for violations. On-road supervisors could

Hon. Ann M. Donnelly, U.S.D.J.
February 13, 2026
Page 3

not, and did not, perform non-exempt operational work, much less to the large scale alleged in *Moyle 2*. Predictably, Courts consistently hold that UPS on-road supervisors are properly overtime exempt.

In addition to being time barred, Plaintiffs NYLL § 195 Wage Notice and Wage Statement claims are also frivolous. Plaintiffs claim that UPS violated NYLL § 195 (1) because its "time-of-hire" and "annual" Wage Notices failed to describe the basis of each Plaintiffs' status as overtime exempt. NYLL § 195(1) simply does not require UPS to do that. In any event, no Plaintiffs were on-road road supervisors *at their time of hire*, the only job that Plaintiffs allege was misclassified. Last, NYLL § 195(1) did not require UPS to provide Wage Notices annually after January 1, 2015, which is prior to the relevant statute of limitations.

Plaintiff's Fair Play Act claim is frivolous. Section 862-d of the Fair Play Act confers no private right of action onto Plaintiffs. The Fair Play Act also does not in any way address or govern whether an employee is properly classified as *exempt from the overtime provisions* of the New York Labor Law, which is exclusively governed by the exemption criteria set forth in the New York Minimum Wage Order. *See Reiseck v. Universal Communs. of Miami, Inc.,* 591 F.3d 101, 105 (2d Cir. 2010) ("the NYLL, too, mandates overtime pay and applies the same exemptions as the FLSA").

Plaintiff's Breach of Contract claim is also frivolous. It is based solely upon UPS pre-existing legal duty to "comply with all applicable federal and state wage-and-hour-laws," which cannot as a matter of law be the consideration necessary to create a contract. *Goncalves v. Regent International Hotels, Ltd.,* 58 N.Y.2d 206, 220 (1983) ("[A] statutory obligation cannot be transformed into a contractual performance ... nor may [a] statutory right be transformed into a contractual privilege"); *Murray v. Northrop Grumman Information Tech, Inc.,* 444 F.3d 169, 178 (2d Cir. 2006) ("[a] promise to perform a pre-existing legal obligation does not amount to consideration").

Finally, Plaintiffs' multiple references to the lawsuit filed against UPS by the New York Attorney General's Office (the "NYAG Action") should be stricken pursuant to Rule 12(f) because they are scandalous and have no relevance to the instant claims. They concern a completely different type of UPS employee and alleged misconduct, meaning no evidence in support of the NYAG action will be admissible here.

On February 11, 2026, UPS served a Rule 11 letter on Plaintiffs' counsel which details the foregoing with further factual and legal support. If Plaintiffs do not dismiss this action within the required 21-day time period, UPS also respectfully requests permission to file a motion for sanctions pursuant to Fed. R. Civ. P. 11. UPS sincerely thanks the Court for its attention to this matter.

Respectfully submitted,
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Leslie Lajewski*
Leslie Lajewski, Esq.

cc: Tyrone A. Blackburn, Esq. (via ECF and email)