

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

———
MEMBER OF
NY & NJ BAR

———
FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

———
FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

———
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 18, 2026

**<u>Via ECF</u>**

The Honorable Ann M. Donnelly, U.S.D.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East, Courtroom 4GN
Brooklyn, New York 11201

RE: *Moyle, et al. v. United Parcel Service, Inc.*
Civil Action No. 1:26-cv-706 (AMD)(LKE)

Dear Judge Donnelly:

Plaintiffs Daniel Moyle, Roy Welsh, Travis Steele, and Fari Murray oppose UPS's February 13, 2026 pre-motion conference request. Plaintiffs withdraw their Breach of Contract and Fair Play Act claims, rendering UPS's arguments on those counts moot. The remaining claims — unpaid overtime and NYLL § 195 wage notice and statement violations — survive dismissal.

## I.    CPLR § 205(a) Permits Plaintiffs' Successive Filing

UPS relies on *Ray v. Ray*, 22 F.4th 69 (2d Cir. 2021). That reliance is misplaced. The Appellate Division, Second Department — the only New York State appellate court to squarely address this question — expressly rejected *Ray* in *Tumminia v. Staten Island University Hospital*, 241 A.D.3d 17, 237 N.Y.S.3d 90 (2d Dep't 2025), holding that the plain language of CPLR 205(a) does allow for such a successive application. Under *Erie*, this Court must follow New York's interpretation of its own statute. *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999). *Tumminia*'s reasoning is further supported by the Second Circuit's interpretation of the parallel foreclosure savings statute in *Windward Bora LLC v. Sotomayor*, 113 F.4th 236 (2d Cir. 2024), which held that the FAPA savings provision is not limited to the very first action and applies to a prior action that was (1) timely commenced and (2) terminated for a non-excluded reason — identical structural language to § 205(a). *Tumminia* has since been followed in *Estate of Figueroa v. Jewish Home Life Care*, 2025 WL 3751381 (N.Y. Sup. Ct. Dec. 19, 2025) (third successive action held timely; *Tumminia* applies retroactively), *HSBC Bank USA, N.A. v. St. Hillaire*, 2026 WL 216876 (N.Y.A.D. 2d Dep't Jan. 28, 2026), and *Estate of Moore v. Nassau Operating Co.*, 247 N.Y.S.3d 462 (N.Y.A.D. 2d Dep't Jan. 21, 2026).

*Moyle 2* is timely. Under *HSBC v. St. Hillaire*, § 205(a)'s six-month period begins 30 days after service of the dismissal order with notice of entry — making termination of *Moyle 1* no earlier than August 16, 2025. *Moyle 2* was filed January 12, 2026 — only 149 days after termination. *Moyle 1*'s dismissal for untimely service was not a dismissal for failure to obtain

347-342-7432    ✉ tblackburn@tablackburnlaw.com    🌐 TABlackburnlaw.com



## T. A. BLACKBURN LAW

personal jurisdiction — the only § 205(a) exclusion at issue — because commencement and service are distinct acts under CPLR § 304. *See Wang v. Palmisano*, 157 F. Supp. 3d 306, 316 (S.D.N.Y. 2016); *Bugliotti v. Republic of Argentina*, 2026 WL 643747 (2d Cir. Mar. 9, 2026) (§ 205(a) exclusion confined to personal jurisdiction dismissals).

Both *Moyle 1* and *Moyle 2* allege the same core claim — UPS's systematic misclassification of on-road supervisors as overtime-exempt — involving the same defendant, same positions, and same legal theory. Refinements to class definitions between filings do not alter the underlying transaction or defeat § 205(a)'s application. *See Famular v. Whirlpool Corp.*, No. 19-cv-7723, 2021 U.S. Dist. LEXIS 117652 (S.D.N.Y. 2021).

UPS is also estopped from arguing time-bar. In its June 6, 2024, pre-motion letter to Judge DeArcy Hall, UPS's own counsel stated: *"The State Court Action was filed on January 31, 2024; thus, the statute of limitations period runs from January 31, 2018, forward."* This statement constitutes a binding judicial admission or, at minimum, estops UPS from taking an inconsistent position here. *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985); *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) (statements in prior proceedings may be binding in subsequent proceedings). Having obtained dismissal in *Moyle 1* on a purely procedural ground while conceding timeliness — and having prevailed in that posture before Judge DeArcy Hall — UPS's current time-bar argument is clearly inconsistent with its prior position in a way that would produce an unfair advantage. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014).

## II.      The Overtime Misclassification Claim is Well-Pleaded

UPS's CBA argument — that Teamsters agreements prohibit supervisors from performing bargaining unit work — does not warrant dismissal. The court in *Murray v. United Parcels Service, Inc.*, No. 1:20-cv-1427 (E.D.N.Y. 2022) — the prior action in this very litigation involving this same defendant and these same CBA arguments — denied UPS's motion to dismiss substantially identical allegations, finding them sufficient to state wage and hour claims. Contractual prohibitions do not establish actual conduct on a 12(b)(6) motion. *See also Flanigan v. Truck Drivers Local No. 671*, 942 F.2d 824, 829 (2d Cir. 1991) (supervisors' actual performance of covered work created a factual dispute despite CBA restrictions). If the CBA prohibited supervisors from performing non-exempt work yet UPS directed them to do so anyway, UPS cannot simultaneously violate its own CBA and claim those supervisors were properly classified as exempt.

The overtime exemption is an affirmative defense on which UPS bears the burden of proof. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012). Whether supervisors' "primary duty" was management turns on their actual duties — a fact-intensive inquiry. *See* 29 C.F.R. § 541.100; 12 N.Y.C.R.R. § 142-2.14. That inquiry cannot be resolved at the pleading stage, where Plaintiffs' well-pleaded allegation that 70-80% of work time was non-exempt must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

///

///



## T. A. BLACKBURN LAW

**III.    Plaintiffs' NYLL § 195 Claims Are Viable**

The NY DOL has expressly stated § 195 applies "to all employees regardless of their exempt status." NY DOL, Wage Theft Prevention Act FAQ, No. 23. Misclassification itself renders wage notices and statements deficient. *Cinar v. R&G Brenner Income Tax, LLC*, No. 22-cv-3386 (E.D.N.Y. 2024). Plaintiffs have Article III standing: deficient wage statements that omitted overtime rates concealed their entitlement and prevented them from seeking timely correction of pay discrepancies. *Roma v. David Carmili, Physician, P.C.*, 761 F. Supp. 3d 481 (E.D.N.Y. 2024). Whether wage statements accurately reflected Plaintiffs' overtime entitlement is a question of fact that cannot be resolved on a 12(b)(6) motion. *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87 (E.D.N.Y. 2020); *Albertin v. Nathan Littauer Hosp.*, 537 F. Supp. 3d 243 (N.D.N.Y. 2021).

UPS's 2015 amendment argument conflates two distinct obligations. The amendment eliminated only the *annual* § 195(1) notice; it did not affect § 195(3) wage statement requirements — which mandate accurate statements with *every* payment of wages. UPS has not addressed the § 195(3) claims at all.

**IV.    References to the NYAG Action Should Not Be Stricken**

Motions to strike under Rule 12(f) are "disfavored" and denied unless matter "can have no possible bearing" on the litigation. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976). The NYAG action is probative of UPS's pattern and practice of misclassifying employees to avoid overtime — relevant to motive, intent, and absence of mistake under Fed. R. Evid. 404(b)(2). *Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp. 3d 39, 52 (S.D.N.Y. 2020). Admissibility is a trial question, not a pleading question.

**V.    UPS'S Conduct Warrants Sanctions; Rule 11 Threat Is Unfounded**

Every surviving claim rests on binding and persuasive authority: *Tumminia* (2d Dep't 2025), *Estate of Figueroa* (N.Y. Sup. Ct. Dec. 2025), *Murray v. UPS* (E.D.N.Y. 2022), *Corning Glass Works* (U.S. 1974), and *Cinar* (E.D.N.Y. 2024). Rule 11 requires only that claims be "warranted by existing law." Fed. R. Civ. P. 11(b)(2). UPS's threat of sanctions — while contradicting its own prior judicial admission and relitigating arguments rejected in the companion *Palaguachi* litigation — is the conduct that invites court attention. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). Should UPS file its motion, Plaintiffs respectfully request an award of costs and fees.

**VI.    CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court deny UPS's pre-motion conference request and allow this matter to proceed to discovery.

Respectfully Submitted,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

*C*C: All counsel for the record via ECF.



347-342-7432       tblackburn@tablackburnlaw.com       TABlackburnlaw.com