**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| DANIEL MOYLE, ROY WELSH, TRAVIS STEELE, and FARI MURRAY, individually and on behalf of others similarly situated, | : : : | Civ. Act. No.: 1:26-cv-00706-CHK |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| UNITED PARCELS SERVICE, INC., | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT UPS'S**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT, TO STRIKE ALLEGATIONS OF**
**THE COMPLAINT, AND FOR LEAVE TO FILE A MOTION FOR SANCTIONS**

---

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 656-1600
Fax: (973) 656-1611
*Attorneys for Defendant United Parcel*
*Service, Inc. (improperly pled as "United*
*Parcels Service, Inc.")*

*On the Brief*:
Leslie A. Lajewski, Esq.
Anthony E. Russo, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................................. 1

PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS ................................. 3

    I.        Plaintiffs File Multiple Class Actions Cases Against UPS......................................3

    II.       Plaintiffs Files and Maintains the Current Complaint, Which They Refuse to Withdraw Despite Being Issued a F.R.C.P. Rule 11 Letter and Draft Motion for Sanctions. .......................................................................................................................5

LEGAL STANDARDS ............................................................................................................. 7

    III.      Motion to Dismiss Standard Under FRCP 12(b)(6) ..................................................7

    IV.      Motion to Strike Standard Under FRCP 12(f). ..........................................................8

ARGUMENT ............................................................................................................................ 8

    I.        Plaintiff's Invocation of CPLR § 205(a) is Frivolous Because Plaintiffs' Claims Cannot be Tolled Pursuant to CPLR § 205(a). ..........................................................8

        A. CPLR § 205(a) Does Not Apply Because *Moyle 1* and *Moyle 2* are Not Based Upon the Same "Transaction(s) or Occurrence(s)" ................................................................. 8

        B. *Moyle 2* cannot be Related Back to *Moyle 1* Because *Moyle 2* is Plaintiffs' Second Invocation of CPLR § 205(.......................................................................................11

        C. *Moyle 2* cannot be Related Back to *Moyle 1* under New York State Law, Because *Moyle 1* was not Served within the Six-Month CPLR § 205(a) Deadline, Resulting in a Break in the Chain of Timely Filing. ....................................................................... 12

    II.      Because Plaintiffs' Claims cannot be Tolled Pursuant to CPLR § 205(a), They are Time Barred and Frivolous. ......................................................................................13

    III.      In Addition to Being Time Barred, Plaintiffs' Individual Claims are Legally and Factually Frivolous. .................................................................................................14

        A. Plaintiffs' Failure to Provide Wage Notice Claim is Legally Frivolous...................... 14

            *1. Plaintiffs' "Annual" Wage Notice Claim is Frivolous* ......................................... 14

            *2. Plaintiffs' "Time of Hire" Wage Notice Claim is Frivolous* ................................. 15

            *3. Plaintiffs' "Exemption Description" Theory is Frivolous*..................................... 15

        B. Plaintiffs' Fair Play Act Claim is Frivolous.............................................................. 16

C.  Plaintiffs' Breach of Contract Claim is Frivolous......................................................... 17

IV.    Plaintiffs' Allegations Regarding the NY AG Lawsuit are Irrelevant, Harassing and Scandalous, and Must be Stricken Pursuant to Fed. R. Civ. P. 12(f)................18

V.    Given the Frivolous Nature of Plaintiff's Claims, UPS Seeks Leave to File a Motion for Sanctions Against Plaintiffs and their Counsel. ...................................20

CONCLUSION................................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Estate of Aida Figueroa v. Jewish Home Life Care, Manhattan*,
   Index No. 153232/2025, 2025 WL 3751381 (Sup. Ct., New York County,
   Dec. 19, 2025)..........................................................................................................10

*Armstead v. New York City Health and Hospitals Corporation*,
   84 Misc. 3d 521 (Sup. Ct., Kings County, 2024)...................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................7

*Bank of Am., N.A. v. Ave. Imaging LLC*,
   21-CV-5201, 2023 WL 3818549 (S.D.N.Y. June 5, 2023) ................................8, 19

*Beijing Neu Cloud Oriental Sys. Tech Co. v. IBM*,
   110 4th 106, 114 (2d Cir. 2024).............................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................7, 8

*Bowens v. Atl. Maint. Corp.*,
   546 F. Supp. 2d 55 (E.D.N.Y. 2008) ......................................................................14

*Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*,
   76 N.Y.2d 207 (1990) .............................................................................................17

*Goncalves v. Regent International Hotels, Ltd.*,
   58 N.Y.2d 206 (1983) .............................................................................................18

*Interoceanic Corp. v. Sound Pilots*,
   107 F.3d 86 (2d Circ. 1997)....................................................................................10

*Jackson v. Citywide Mobile Response Corp.*,
   196 N.Y.S.3d 879 (Sup. Ct. 2023)..........................................................................13

*Joseph v. Frontier Airlines, Inc.*,
   21-CV-6054 (WFK)(JRC), 2023 WL 6385702 (E.D.N.Y. Sept. 29, 2023) ........8, 19

*Krichman v. J.P. Morgan Chase & Co.*,
   No. 06 CV 15305, 2008 WL 5148769 (S.D.N.Y. Dec. 8, 2008)..............................18

*Leonard v. Abbott Labs, Inc.*,
   No. 10-cv-04676, 2012 WL 764199 (E.D.N.Y. March 5, 2012)..............................14

*Martin v. New Am. Cinema Grp., Inc.*,
  No. 22-cv-05982, 2023 U.S. Dist. LEXIS 26014, 2023 WL 2024672
  (S.D.N.Y. Feb. 15, 2023) ............................................................................................13

*McDaniel v. City of New York*,
  585 F.Supp.3d 503 (S.D.N.Y. 2022) ............................................................................8

*Mitchell v. New York City Health & Hospitals Corporation*,
  239 N.Y.S.3d 920 (Sup. Ct., Kings County, Sep. 12, 2025) .......................................12

*Murray v. Northrop Grumman Information Tech, Inc.*,
  444 F.3d 169 (2d Cir. 2006) ......................................................................................18

*N.Y. GO Express, Inc. v. N.Y. State Ins. Fund*,
  77 N.Y.S.3d 854 (Sup. Ct. 2018) ...............................................................................16

*Petras v. Johnson*,
  92 CV 8298, 1993 WL 228014 (S.D.N.Y. June 22, 1993) ...........................................18

*Pilgrim v. New York City Health & Hospitals Corporation*,
  235 N.Y.S.3d 588 (Sup. Ct., Kings County, 2025) .....................................................12

*Ray v. Ray*,
  22 F.4th 69 (2d Cir. 2021) ......................................................................................5, 11

*Register.com, Inc. v. Verio, Inc.*,
  356 F.3d 393 (2d. Cir. 2004) ......................................................................................18

*Matter of Tuerk (Adelchi Inc.--Commissioner of Labor)*,
  126 N.Y.S.3d 539 (App. Div. 3rd Dep't. 2020) ..........................................................16

*Tumminia v. Staten Island University Hospital*,
  237 N.Y.S.3d 90 (2nd Dep't, 2025) .....................................................................5, 12, 13

*U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.*,
  33 N.Y.3d 72 (2019) ..................................................................................................11

*Windward Bora LLC v. Sotomayor*,
  113 F.4th 236 (2d Cir. 2024) ......................................................................................11

*Zheng v. City of New York*,
  93 A.D.3d 510 (N.Y. App. Div. 2012) .........................................................................18

**Statutes**

Commercial Goods Transportation Industry Fair Play Act 213(2). ........................................9, 13

NY Lab. L. § 862-b (2025) ......................................................................................................16

NY Lab. L. § 862-d (2025) ...................................................................................................16, 17

**Other Authorities**

N.Y. C.P.L.R. § 205(a) .......................................................................................... *passim*

FED. R. CIV. P. 11(c)(4)........................................................................................... *passim*

FED. R. CIV. P. 12(b)(6) .....................................................................................................7

FED. R. CIV. P.  12(f)...............................................................................................3, 8, 18, 19

S. 5885-B, 2013-2014 .......................................................................................................15

## PRELIMINARY STATEMENT

On January 12, 2026, Daniel Moyle, Roy Welsh, Travis Steele, and Fari Murray (collectively, the "Plaintiffs") filed this putative class action on behalf of a group they describe as all "On-Road Supervisors" employed by Defendant United Parcel Service, Inc. ("UPS") in New York, alleging wage and hour violations (the "Complaint"). The class period was asserted to extend back to those employed as of January 28, 2018.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), UPS submits this brief in support of its motion to dismiss the Complaint. The Complaint is the *fourth* lawsuit in which some or all of the instant Plaintiffs have filed suit against UPS and—for the reasons detailed below—its claims are entirely frivolous. Procedurally, this matter (hereinafter referred to as "*Moyle 2*") invokes CPLR § 205(a) to relate *Moyle 2* back to Plaintiffs' 2024 lawsuit addressed by this Court, similarly entitled  *Daniel Moyle, et al. v. UPS* ("*Moyle 1*"), but flagrantly ignores that Plaintiffs cannot do so because (1) the *Moyle 2* claims are not based upon the same "transaction(s) or occurrence(s)" as *Moyle 1*; (2) federal law only allows Plaintiffs to invoke CPLR § 205(a) once, and the Plaintiffs have done so at least two times now; and (3) because *Moyle 1* was not timely served on UPS, New York law prevents Plaintiffs from invoking CPLR § 205(a) in any subsequent case, including *Moyle 2*.

The claims in *Moyle 2* are also legally and factually frivolous. Initially, all are time barred because they cannot rely on CPLR § 205(a). Even if they were timely, Plaintiffs' misclassification claim (brought on behalf of a class of "on-road supervisors") is frivolous because *not a single Plaintiff was an on-road supervisor during the alleged class period*.

Plaintiffs' NYLL § 195 wage notice claim faults UPS for not including an explanation about why Plaintiffs were classified as exempt on the wage notices given to Plaintiffs at the time

1

of their hire, but that requirement has *never* existed under that statute.  Further, none of the Plaintiffs began their employment with UPS in the allegedly misclassified on-road supervisor role – they all began as non-exempt package car drivers, meaning no such explanation should have been given anyway, even if it was required (and it has never been). Likewise, Plaintiffs' "Fair Play Act" claim confers no private right of action and concerns a completely unrelated kind of misclassification, *i.e.*, whether an individual is properly classified as an employee vs. an independent contractor, ***not*** whether an individual is properly classified as overtime-exempt. Finally, Plaintiffs' breach of contract claim is premised exclusively on UPS's pre-existing legal duty to comply with wage-and-hour laws which, as a matter of black-letter law, cannot constitute consideration for a contract.

Since learning of the commencement of this action UPS has sought to present the aforementioned flaws to Plaintiffs' counsel—who has represented Plaintiffs' and their former co-workers in *Moyle 1* and the group's other lawsuits brought against UPS herein—in the hope that Plaintiffs would voluntarily dismiss this matter without the need for expensive and unnecessary litigation. UPS served an initial Rule 11 notice letter upon Plaintiffs' counsel on February 10, 2026, outlining all of the faults in Plaintiffs' claims as detailed in this Motion to Dismiss.  With no response to that letter, on March 11, 2026, pursuant to Rule 11, UPS served upon Plaintiffs' counsel a draft Motion for Sanctions, with a supporting declaration and exhibits; again asking counsel and Plaintiffs to voluntarily dismiss the case.  That motion went unanswered as well, and Plaintiffs have continued to prosecute this frivolous case, resulting in the instant Motion to Dismiss.  With these efforts having proved unsuccessful, UPS seeks the Court's intervention and asks that the Court dismiss this matter, in its entirety, with prejudice, and grant UPS leave to file a Motion for Sanctions pursuant to Rule 11.

Finally, Plaintiff's Complaint is peppered with references to a separate and unrelated lawsuit filed against UPS by the New York Office of Attorney General (the "NY AG Lawsuit"). The NY AG Lawsuit relates to a completely different set of employees (*i.e.,* temporary part-time seasonal employees who deliver packages during the holiday season – not full-time on road supervisors as in Plaintiffs' lawsuit) and to a complete different set of claims (*i.e.,* failure to pay for all hours worked and overtime – not non-exempt misclassification as in Plaintiffs' lawsuit). The references to the NY AG Lawsuit in Plaintiffs' Complaint have no relevance to or bearing on Plaintiffs' claims, are completely immaterial to Plaintiff's lawsuit, and serve no purpose other than to prejudice and harass UPS and to paint UPS in a scurrilous light.  Because of this, pursuant to FRCP 12(f), UPS moves to have all allegations referencing and/or relating to the NY AG Lawsuit stricken from the Complaint.

## PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

**I.      Plaintiffs File Multiple Class Actions Cases Against UPS.**

On March 18, 2020, the Plaintiffs, along with former UPS employees Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Warren Payne, and Tyler Lilly (collectively, the "*Murray* Plaintiffs") filed a putative class action on behalf of all UPS "Delivery Drivers" in the United States District Court for the Eastern District of New York, entitled *Fari Murray, et al. v. UPS, et al.,* Docket No. 1:20-cv-1427 (the "*Murray* Matter"). (Declaration of Leslie A. Lajewski, Esq. (hereinafter, "Lajewski Decl."), *Murray* Matter Complaint at Exhibit A.) On October 26, 2023, the *Murray* Matter was dismissed without prejudice.[1] (Lajewski Decl., *Murray* Order of Dismissal at Ex. C.)

---

[1] The Plaintiffs in this case also all filed single-plaintiff lawsuits against UPS. UPS was successful in having all four of these lawsuits dismissed for Plaintiffs' failure to comply with the six-month filing and service requirements of CPLR § 205(a). (Lajewski Decl., Single Plaintiff Lawsuit Decisions and Orders at Ex. B.)

On January 31, 2024, the *Murray* Plaintiffs invoked CPLR § 205(a) to "refile" the *Murray* complaint in the Supreme Court of New York, Kings County by filing the *Moyle 1* complaint (*Daniel Moyle, et al. v. UPS*).[2] (Lajewski Decl., *Moyle 1* Complaint at Ex. D.) UPS timely removed *Moyle 1* to the United States District Court for the Eastern District of New York.  On July 17, 2025, the Hon. LaShann DeArcy Hall, U.S.D.J. entered a minute entry and order dismissing *Moyle 1* on the grounds that Plaintiffs failed to comply with the service requirements of CPLR § 205(a), noting that the "[p]arties do not dispute that Plaintiffs did not serve Defendant with the Complaint until May 2, 2024 ... making it untimely."  (Lajewski Decl., *Moyle 1* July 14, 2025 Minute Entry and Order at Ex. E.) On August 20, 2025, the Clerk's Judgment was entered, and *Moyle 1* was closed.  (Lajewski Decl., *Moyle 1* August 20, 2025 Clerk's Judgment at Ex. F.)

On September 3, 2025, plaintiffs Carlos Palaguachi, Robert Santiago, Ahmed Radwan, and Warren Payne (the "*Palaguachi* Plaintiffs") "refiled" *Moyle 1* in the Supreme Court of New York, Kings County as *Carlos Palaguachi et al. v. UPS*, Index No. 530162/2025 ("*Palaguachi*").[3] (Lajewski Decl., *Palaguachi* Complaint at Ex. G.)  UPS timely removed *Palaguachi* to the United States District Court for the Eastern District of New York. Currently pending in *Palaguachi* is UPS's motion to dismiss because, among other things, under both federal and New York state law, the *Palaguachi* Plaintiffs cannot use CPLR § 205(a) to extend the applicable statute of limitations for their claims. During a pre-motion conference on UPS's motion to dismiss, the Hon. Clay H. Kaminsky, U.S.M.J.—who is also assigned to the matter at bar—stated that he did not see how the Plaintiffs could receive the benefit of CPLR § 205(a) under either federal or New York state law, but that he would allow the parties to brief the issue in a formal motion. (Lajewski Decl., October

---

[2] Fari Murray was not named as a plaintiff in the *Moyle 1* matter.

[3] Plaintiffs in the current matter—Daniel Moyle, Roy Welsh, Tyler Lilly, and Travis Steele—were not named as plaintiffs in the *Palaguachi* matter.

28, 2025 Pre-Motion Conference Transcript at Ex. H; Tr. at 24:19 – 25:4) ("so that, Mr. Blackburn, is your other problem, which is […] it does seem to have to be an unbroken chain. So you do have this *Ray v. Ray* vs. *Tumminia* problem, but even if you prevail there, you have this broken chain problem."). That motion is now fully briefed and awaiting a decision. [*See Palaguachi,* 1:25-cv-05548-CHK*,* D.E. 36].

**II.     Plaintiffs Files and Maintains the Current Complaint, Which They Refuse to Withdraw Despite Being Issued a F.R.C.P. Rule 11 Letter and Draft Motion for Sanctions.**

On January 12, 2026, Plaintiffs filed the matter at bar—*Moyle 2*—in the Supreme Court of New York, Kings County, entitled *Daniel Moyle, et al. v. United Parcels Service, Inc.*, Index No. 501063/2026. (Lajewski Decl., *Moyle 2* Complaint at Ex. I.)  UPS timely removed that matter to the United States District Court for the Eastern District of New York. The *Moyle 2* Plaintiffs allege on behalf of themselves and a putative class of on-road supervisors that UPS purposefully misclassified on-road supervisors as overtime-exempt and owes Plaintiffs and the putative class members for unpaid overtime wages, violated New York statutory wage notice and statement requirements, violated the "Fair Play Act," and breached a contract with Plaintiffs. (*See*, Lajewski Decl., Ex. I.) Relying on CPLR § 205(a), Plaintiffs claim that the six-year statute of limitations applicable to the *Moyle 2* claims should be calculated backwards from the January 31, 2024 filing of *Moyle 1* (*i.e.,* running from January 31, 2018 forward), rather than six years from January 12, 2026 when *Moyle 2* was filed (*i.e.,* running from January 12, 2020 forward).

Plaintiffs Moyle, Welsh, and Murray admit in the Complaint that they separated from employment with UPS in 2018 and 2019, respectively. (*See* Ex. I at ¶¶ 10, 11 and 13.  *See also* Lajewski Decl., Plaintiffs' UPS Employee History Profiles ("EHP") and Workday Profiles at Ex.

5

J.) Plaintiff Moyle was also promoted from on-road supervisor to business manager in September of 2015 and never again held the position of on-road supervisor during his employment with UPS. (*See* Ex. J at 3, 4.) While the Complaint alleges that Plaintiff Steele was employed with UPS until 2021, Plaintiff Steele was promoted from on-road supervisor to business manager in April of 2018 and never again held the position of on-road supervisor during his employment with UPS.  (*See* Ex. J at 57, 58.)

On February 10, 2026, UPS served upon Mr. Blackburn a Rule 11 letter. (Lajewski Decl., Rule 11 Notice Letter to Tyrone Blackburn, Esq. at Ex. K.)  That letter detailed each reason why the claims asserted in *Moyle 2* were factually and legally frivolous. (*Id.*) UPS's Rule 11 letter attached copies of the Plaintiffs' relevant personnel documents, proving that Plaintiffs were not on-road supervisors during the alleged class period, as well as the relevant collective bargaining agreements, proving that on-road supervisors could not have performed "non-exempt operational work," for 80% of their duties, because such work could only be performed by bargaining unit employees (like drivers and loaders). (*Id.*) The letter requested Plaintiffs and their counsel voluntarily dismiss the Complaint and invited counsel to contact UPS counsel if he wished to discuss the matter. (*Id.*)  Plaintiffs and their counsel did not response to UPS's February 10, 2026 Rule 11 letter or withdraw the Complaint.  (Lajewski Decl., ¶ 16.)

As a result, on March 11, 2026, UPS served upon Mr. Blackburn a formal draft Motion for Sanctions pursuant to Rule 11. This draft Motion included a Memorandum of Law and a Declaration of Counsel, with supporting exhibits.  (Lajewski Decl., Rule 11 draft Motion for Sanctions at Ex. L.)   In the cover-email accompanying service of the motion, UPS counsel requested Plaintiffs and their counsel voluntarily dismiss the Complaint and, again, invited counsel to contact UPS counsel if he wished to discuss the matter.  (Lajewski Decl., March 11, 2026 email

6

to Tyrone Blackburn, Esq. at Ex. M.)  As with the Rule 11 letter, Plaintiffs and their counsel did not respond to the draft Rule 11 Motion for Sanctions or withdraw the Complaint. (Lajewski Decl., ¶ 16.)

On February 13, 2026, UPS sought permission from the District Court to file a motion to dismiss the *Moyle 2* Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [*See* D.E. 10]. UPS's pre-motion conference letter explained the reasons why Plaintiffs' claims fail to state a claim for relief.  Following a pre-motion conference, held before Judge Ann M. Donnelly, U.S.M.J. on April 22, 2026, and the case's reassignment to Judge Clay H. Kaminsky, U.S.M.J., an order adopting UPS's proposed briefing schedule for the instant motion was adopted.

## LEGAL STANDARDS

### III.    Motion to Dismiss Standard Under FRCP 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts adequate "to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  By contrast, a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (quotations omitted).  Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Such factual enhancement is necessary to "nudge[ ] [a] claim[ ] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Although this standard "does not impose a probability requirement at the pleading stage," it does require a complaint to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support a plaintiff's claims. *Id.* at 545.  "A complaint is properly dismissed where, as a matter of law, 'the allegations

7

in [the] complaint, however true, could not raise a claim of entitlement to relief.'" *McDaniel v. City of New York*, 585 F.Supp.3d 503, 511 (S.D.N.Y. 2022), quoting *Twombly*, 550 U.S. at 558.

## IV.    <u>Motion to Strike Standard Under FRCP 12(f).</u>

Pursuant to Rule 12(f), a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." "A movant under Rule 12(f) must show that: (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Joseph v. Frontier Airlines, Inc.*, 21-CV-6054 (WFK)(JRC), 2023 WL 6385702 at *2 (E.D.N.Y. Sept. 29, 2023), *citing Bank of Am., N.A. v. Ave. Imaging LLC*, 21-CV-5201, 2023 WL 3818549 at *8 (S.D.N.Y. June 5, 2023).

## <u>ARGUMENT</u>

## I.    <u>Plaintiff's Invocation of CPLR § 205(a) is Frivolous Because Plaintiffs' Claims Cannot be Tolled Pursuant to CPLR § 205(a).</u>

### A.    CPLR § 205(a) Does Not Apply Because *Moyle 1* and *Moyle 2* are Not Based Upon the Same "Transaction(s) or Occurrence(s)"

To save their otherwise time-barred complaint, Plaintiffs attempt to invoke the tolling provisions of CPLR § 205(a). Plaintiffs claim that *Moyle 2* relates back in time to *Moyle 1* pursuant to CPLR § 205(a), which, according to Plaintiffs' Complaint, makes the claims raised in *Moyle 2* timely despite their otherwise expired statutes of limitations. CPLR § 205(a) provides:

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance […] the plaintiff […] may commence a new action ***upon the same transaction or occurrence or series of transactions or occurrences*** within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. […].

(Emphasis Added)

Plaintiffs' invocation of CPLR § 205(a) is improper and frivolous because *Moyle 1* and *Moyle 2* are clearly not based upon "the same transaction or occurrence or series of transactions or occurrences" by the same parties. When compared, *Moyle 1* (Lajewski Decl., Ex. D) and *Moyle 2* (Lajewski Decl., Ex. I) are starkly distinct.  For example:

- **Distinct Putative Classes**. The putative class in *Moyle 1* is "all persons who work or have worked as *delivery drivers (aka package car drivers)* in New York." (Lajewski Decl., Ex. D, ¶ 29.) The putative class in *Moyle 2* is all "On-Road Supervisors for Defendant United Parcel Service, Inc. in the State of New York" (Lajewski Decl., Ex. I, ¶¶ 95.)

- **Distinct Named Plaintiffs**. The named plaintiffs in *Moyle 1* were Daniel Moyle, Roy Welsh, Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele, and Warren Payne. (Lajewski Decl., Ex. D, lawsuit caption.) The named plaintiffs in *Moyle 2* do not include Carlos Palaguachi, Robert Santiago, Ahmed Radwan, Tyler Lilly, Travis Steele or Warren Payne – but do include Fari Murray, who was <u>not</u> a plaintiff in *Moyle 1*.[4] (Lajewski Decl., Ex. I, lawsuit caption.)

- **Distinct Class Periods**. The relevant time frame in *Moyle 1* is "between 2014 and the date of final judgment in this matter." (Lajewski Decl., Ex. D, ¶ 29.) The relevant time frame in *Moyle 2* is allegedly "from January 28, 2018, through the date of final judgment in this action." (Lajewski Decl., Ex. I, ¶ 95.)

- **Distinct Legal Theories and Facts**. *Moyle 1* alleges violations of the NYLL for failure to pay straight, minimum, and overtime wages to *package car drivers* because of time shaving, rounding, record falsification, and timeclock manipulation. (*See, e.g.,* Lajewski Decl., Ex. D, ¶¶ 46 – 52.) *Moyle 2* alleges violations of the NYLL for failure to pay solely overtime wages to *on-road supervisors* because of a deliberate decision to misclassify those supervisors as overtime-exempt. (*See, e.g.,* Lajewski Decl., Ex. I, ¶¶ 31-33.)

  *Moyle 2* alleges violations of the Commercial Goods Transportation Industry Fair Play Act (the "Fair Play Act"). *Moyle 1* does not.

  *Moyle 2* alleges a breach of contract claim. *Moyle 1* does not.

- **Distinct Proofs**. The claims of both matters would require discovery regarding <u>completely different putative classes</u>, for <u>completely different alleged misconduct</u>, *e.g.* alleged various timekeeping manipulation practices affecting the wages paid to package car drivers (*Moyle 1*) vs. the elements controlling whether on-road supervisors are properly characterized as overtime-exempt (*Moyle 2)*.

---

[4] Given that Plaintiff Murray was not named in *Moyle 1*, there is absolutely no good faith basis to claim that his claims in *Moyle 2* are tolled by CPLR § 205(a) because they "relate back to *Moyle 1*" and are thereby timely.

9

> **Distinct Damages.** *Moyle 1's* NYLL claims seek unpaid minimum wages and unpaid overtime based on hours worked. (Lajewski Decl., Ex. D, ¶¶ 1, 5.) *Moyle 2's* NYLL claims only seek unpaid overtime based on misclassification. (Lajewski Decl., Ex. I, ¶ 1.)

> *Moyle 2* seeks statutory penalties under the Fair Play Act and damages for an alleged breach of contract. *Moyle 1* does not.

Given these many significant differences, Plaintiffs had no good faith basis to claim that *Moyle 2* is based upon the same "transaction[s] or occurrence[s]" as *Moyle 1*, or that CPLR § 205(a) tolls the otherwise expired statute of limitations applicable to the claims made in *Moyle 2*. *See, e.g., Beijing Neu Cloud Oriental Sys. Tech Co. v. IBM,* 110 4th 106, 114 (2d Cir. 2024) (citing *Smith v. Russell Sage Coll*, 54 NY.2d 185, 192 (N.Y. 1981) (finding that two actions are based on the same transaction or series of transactions if the legal theories in both cases are "grounded on the same gravamen of the wrong upon which the action[s] [are] brought.")); *Interoceanic Corp. v. Sound Pilots*, 107 F.3d 86, 90 – 91 (2d Circ. 1997) (finding that two actions are based upon the same transaction or series of transactions if they emerge from the same factual grouping and are related "in time, space, origin, or motivation."); *Estate of Aida Figueroa v. Jewish Home Life Care, Manhattan*, Index No. 153232/2025, 2025 WL 3751381 at * 3 – 4 (Sup. Ct., New York County, Dec. 19, 2025) (dismissing plaintiffs' claims as time-barred because they stemmed from allegations that did not relate back to allegations contained in the prior action and, as such, CPLR § 205(a) did not save such claims).

Any claim that *Moyle 2* and *Moyle 1* are based on the same transactions or series of transactions is not only frivolous, both legally and factually, but demonstrates bad faith and an intent to harass UPS ostensibly in retaliation for UPS successfully dismissing the *Murray* matter, the *Moyle 1* matter, and the individual lawsuits filed against UPS by the Defendants: Daniel Moyle, Roy Welsh, Travis Steele, and Fari Murray. (Lajewski Decl., Exs. B-C, E-F.) As CPLR § 205(a) is clearly inapplicable to *Moyle 2*, the statute of limitations applicable to this case runs from

January 12, 2020 forward, and all of the Plaintiffs' claims are time barred since none of them held an on-road supervisor position past 2019.  As such, UPS now requests that the Court dismiss the Complaint, with prejudice.

**B.    *Moyle 2* cannot be Related Back to *Moyle 1* Because *Moyle 2* is Plaintiffs' Second Invocation of CPLR § 205(a)**

Even if *Moyle 2* was based upon the same transactions or occurrences as *Moyle 1*, the Second Circuit has made clear that CPLR § 205(a) only authorizes "a 'second' opportunity to file a claim after a 'first' or 'initial' claim is dismissed on a non-merits final judgment."  *Ray v. Ray*, 22 F.4th 69, 74 (2d Cir. 2021); *see also Windward Bora LLC v. Sotomayor*, 113 F.4th 236, 242 (2d Cir. 2024) (reaffirming *Ray's* interpretation of CPLR§ 205(a) that successive re-filings beyond the second opportunity are not permitted); *U.S. Bank Nat'l Ass'n v. DLJ Mortg. Cap., Inc.,* 33 N.Y.3d 72, 76 (2019) ("As a general rule, under CPLR § 205(a), a subsequent action may be filed within six months of a non-merits dismissal of the *initial* timely-filed matter").

The *Moyle 1* complaint invokes CPLR § 205(a) to relate *Moyle 1* back to the date that the *Murray* matter was filed. (*See* Ex. D at ¶¶ 7 – 9.) In turn, *Moyle 2* invokes CPLR § 205(a) to relate the *Moyle 2* matter back to the date that *Moyle 1* was filed. (*See* Ex. I at ¶¶ 101 – 109.) As such, *Moyle 2* is the *second* lawsuit that Plaintiffs attempt to invoke the relation back features of CPLR § 205(a). This is directly prohibited; binding Second Circuit law holds that CPLR § 205(a) does not extend to the Plaintiffs a *second* chance to re-file a lawsuit. *See Ray, supra*. As Plaintiffs and their counsel have always known, settled Second Circuit law prohibits Plaintiffs from applying the tolling benefits of CPLR § 205(a) to *Moyle 2*.

As is more fully discussed, *infra*, without the tolling benefits of CPLR § 205(a), the claims of all four named Plaintiffs are time barred because none of them held an on-road supervisor position at any time during the six-year statute of limitation period just prior to the January 12,

11

2026 filing of the Complaint.  As Second Circuit precedent bars the use of the tolling provisions of CPLR § 205(a) in a second or third lawsuit, Plaintiffs' claims are time barred, and the filing of the Complaint and the continued prosecution of *Moyle 2* is frivolous.  Accordingly, Plaintiffs' Complaint fails as a matter of law and should be dismissed.

**C.**  **_Moyle 2_ cannot be Related Back to _Moyle 1_ under New York State Law, Because _Moyle 1_ was not Served within the Six-Month CPLR § 205(a) Deadline, Resulting in a Break in the Chain of Timely Filing.**

Under New York State law, a plaintiff <u>cannot</u> revive their claims under CPLR § 205(a) where there is a break in the chain of timeliness in the successive CPLR § 205(a) filings. *See Tumminia v. Staten Island University Hospital*, 237 N.Y.S.3d 90, 96-97 (2nd Dep't, 2025); *see also Mitchell v. New York City Health & Hospitals Corporation*, 239 N.Y.S.3d 920 at * 3-4 (Sup. Ct., Kings County, Sep. 12, 2025) (holding plaintiff could not re-file a third complaint as the second complaint was not timely commenced under CPLR § 205(a); the second complaint had been dismissed for its failure to comply with the six-month time period required by CPLR § 205(a)); *Pilgrim v. New York City Health & Hospitals Corporation*, 235 N.Y.S.3d 588, 591-592 (Sup. Ct., Kings County, 2025) (holding that both the New York Court of Appeals and Second Department have "set forth that the *timeliness* of 'the prior action' is a necessary condition of CPLR § 205(a).") (emphasis added); *Armstead v. New York City Health and Hospitals Corporation*, 84 Misc. 3d 521, 526 (Sup. Ct., Kings County, 2024) ("the last dismissed 'prior action' must have been timely commenced (within the statute of limitations) for CPLR § 205(a) to apply").

It is undisputed that the Court dismissed *Moyle 1* (Plaintiff's second case) because Plaintiffs failed to comply with the filing and service requirements of CPLR § 205(a); meaning their claims did not receive the tolling benefit of CPLR § 205(a) and "making [the *Moyle 1* complaint] untimely."  (Lajewski Decl., Ex. E.)  Because of a break in the chain of timeliness

12

under CPLR § 205(a) occurred in *Moyle 1*, pursuant to *Tumminia, supra*, Plaintiffs cannot rely on CPLR § 205(a) when filing *Moyle 2*.  Accordingly, Plaintiff's Complaint is untimely, and should be dismissed.

**II.    Because Plaintiffs' Claims cannot be Tolled Pursuant to CPLR § 205(a), They are Time Barred and Frivolous.**

As *Moyle 2* clearly does not relate back to *Moyle 1*, none of the causes of action in *Moyle 2* receive the tolling benefits of CPLR § 205(a), making them time-barred because they occurred outside of their respective six-year statutes of limitations periods,[5] that is, before January 12, 2020. As to Plaintiff's misclassification-based overtime claims, none of the Plaintiffs held an on-road supervisor position with UPS after 2019.  (*See* Lajewski Decl., Ex. I at ¶¶ 10, 11 and 13).  Plaintiffs Moyle, Welsh and Murray were not even employed by UPS after 2019.  (*Id.*)  And, Plaintiff Steele did not have an on-road supervisor position after 2018. (*Id.* at ¶ 12; *see also* Lajewski Decl, Ex. J at 57, 58.) Because none of the Plaintiffs can maintain a timely claim against UPS for any cause of action relating to their former position as an on-road supervisor, the complaint in *Moyle 2* should be dismissed in its entirety.

Additionally, with the dismissals of Plaintiffs Moyle, Welsh, Murray and Steele from the case, there is no named plaintiff left to represent the putative class.  It is well settled Second Circuit law that a putative class claim cannot continue if there is no named plaintiff representing the class. *See, e.g., Martin v. New Am. Cinema Grp., Inc.*, No. 22-cv-05982, 2023 U.S. Dist. LEXIS 26014, 2023 WL 2024672 at *9 (S.D.N.Y. Feb. 15, 2023) ("When a named plaintiff's claim is dismissed

---

[5] Claims under the NYLL carry a statute of limitations of six years.  *See Jackson v. Citywide Mobile Response Corp.*, 196 N.Y.S.3d 879, 899 (Sup. Ct. 2023) ("[T]he statute of limitations for a wage and labor claim is six years."); NYLL § 198(3) ("Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years."). Claims for breach of contract have six-year statute of limitations. *See* CPLR § 213(2). The Fair Play Act contains no statute of limitations (and no private right of action), but UPS assumes exclusively for purposes of this motion that the statute of limitations for a Fair Play Act violation is also six years.

prior to class certification, the Court lacks jurisdiction over the putative class action claims."); *Leonard v. Abbott Labs, Inc.,* No. 10-cv-04676, 2012 WL 764199 at *7 (E.D.N.Y. March 5, 2012) ("[G]enerally, the dismissal of the named plaintiffs' claims before a motion for class certification has been filed would result in the dismissal of the complaint."); *Bowens v. Atl. Maint. Corp.,* 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) ("The unnamed class members are not technically part of the action until the court has certified the class; therefore, once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted."). As has been explained in UPS's Rule 11 letter and draft Motion for Sanctions, with no named plaintiff, there was no good faith basis to file *Moyle 2* and no good faith to continue to prosecute the putative class action claims in *Moyle 2*. (Lajewski Decl., Exs. K-L.)

**III.    In Addition to Being Time Barred, Plaintiffs' Individual Claims are Legally and Factually Frivolous.**

**A.    Plaintiffs' Failure to Provide Wage Notice Claim is Legally Frivolous**

Plaintiffs allege that UPS failed to provide the Plaintiffs with "Wage Notices" containing the information required by NYLL § 195(1) at the time of their hires, and annually.  Specifically, Plaintiffs allege that UPS's "notices classified Plaintiffs and [on-road supervisors] as exempt *without disclosing that they had not met the legal standards for exemption under New York law*," and by extension, failed to disclose Plaintiffs' "actual hourly rate […], the overtime rate, […], the fact that Plaintiffs and Class Members were entitled to overtime; and the basis for exempt classification." (Lajewski Decl., Ex. I at ¶¶ 155-157.) This claim is frivolous for multiple reasons.

**1.    Plaintiffs' "Annual" Wage Notice Claim is Frivolous**

Pursuant to a December 29, 2014 amendment to the Wage Theft Prevention Act, NYLL § 195(1), employers were no longer required to provide Wage Notices annually (only at hire) as of

January 1, 2015. *See* S. 5885-B, 2013-2014 Reg. Sess. (N.Y. 2014).[6] January 1, 2015 is well before the statute of limitations in this case, even if this case related back to January 28, 2018 pursuant to CPLR § 205(a) (which it does not). Thus, as a matter of law, UPS had no legal obligation to provide Wage Notices *annually* at any time during the applicable statute of limitations period. This theory of liability is thus frivolous and should be dismissed.

### 2.    Plaintiffs' "Time of Hire" Wage Notice Claim is Frivolous

Any alleged misconduct relating to the content of the Wage Notices Plaintiffs received *at the time of their hire* is also clearly outside the statute of limitations. All four Plaintiffs were hired long before the applicable six-year statute of limitations – even if that period related back to January 28, 2018 (which it does not). Plaintiff Moyle was hired on July 9, 2012; Plaintiff Steele on September 23, 2014; Plaintiff Welsh on June 28, 2016; and Plaintiff Murray on January 4, 2003. (*See* Lajewski Decl., Ex. I at ¶¶ 10-13.) Thus, Plaintiffs' "time of hire" Wage Notice claim is clearly based upon time-barred alleged misconduct, is frivolous, and should be dismissed.[7]

### 3.    Plaintiffs' "Exemption Description" Theory is Frivolous

Plaintiffs' Wage Notice claim is also frivolous because NYLL § 195(1) contains **no requirement** that any employer "describe the basis for an exempt classification." *See* NYLL § 195. In fact, employers are affirmatively *not* required to describe the basis for the exempt classification. *See New York Department of Labor Wage Theft Act Frequently Asked Questions* at ¶ 17 ("does the employer have to identify the specific state exemption for workers exempt from

---

[6] https://assembly.state.ny.us/leg/?default_fld=%0D%0A&bn=S5885&term=2013&Actions=Y&Text=Y, last accessed March 9, 2026.

[7] Plaintiff Murray's hire in 2003 was prior to the enactment of the Wage Theft Act in 2011 which created the Wage Notice requirement. Thus, he further cannot state a claim for failure to receive a Wage Notice at the time of his hire, as such requirement did not exist at the time.

overtime requirements? **_No_**.") (emphasis added)[8]. Even if UPS had an obligation to disclose the basis of the Plaintiffs' classifications as overtime exempt at their time of hire (which it did not), UPS would not have needed to do so because none of the Plaintiffs *began their employment with UPS as an on-road supervisor*, the only job that Plaintiffs' Complaint alleges was misclassified. (Lajewski Decl., Ex. I, ¶¶ 10-13.) Thus, Plaintiffs were not classified as over-time exempt at the time of their hire, and Plaintiffs' claim that UPS violated NYLL § 195 by not disclosing Plaintiffs' (non-existent) "exempt status" on their hiring Wage Notice is frivolous.

### B.    Plaintiffs' Fair Play Act Claim is Frivolous

The Fair Play Act addresses whether a person providing commercial goods transportation services *is an employee or an independent contractor*. *See, e.g. N.Y. GO Express, Inc. v. N.Y. State Ins. Fund,* 77 N.Y.S.3d 854, 856 (Sup. Ct. 2018) ("The Fair Play Act … was enacted as a measure to curb widespread abuses in the trucking industry stemming *from the misclassification of drivers as independent contractors*.") (emphasis added, legislative history quotation omitted); *Matter of Tuerk (Adelchi Inc.--Commissioner of Labor)*, 126 N.Y.S.3d 539, 542 (App. Div. 3rd Dep't. 2020) (same). The Fair Play Act does not in any way address or govern whether an employee is properly classified as *exempt from the overtime provisions* of the New York Labor Law. NY Lab. L § 862-b (2025).

Here, Plaintiffs do not allege that they were independent contractors who should have been classified as employees. (Nor does UPS claim Plaintiffs were independent contractors.) Rather, the Plaintiffs freely admit that they are employees (Lajewski Decl., Ex. I at ¶¶ 78, 84(c), 111, 112, 186), and only challenge whether they were properly classified as exempt from the overtime

---

[8] https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions.pdf, last accessed March 2, 2026.

requirements of the NYLL.  Plaintiffs' Fair Play Act § 862-d claim and the *Moyle 2* Complaint's interstitial references to the Fair Play Act and to the elements and application of the "ABC test" to determine independent contractor versus employee status are thus entirely irrelevant and frivolous. Accordingly, Plaintiffs' Fair Play Act § 862-d claim should be dismissed.

Separately, § 862-d of the Fair Play Act confers no private right of action onto Plaintiffs. Where a statute contains no express provision for a private remedy, such a remedy may be had "only if a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history." *Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 N.Y.2d 207, 211 (1990). Here, violators of § 862-d are subject only to "the civil and criminal penalties provided under this section" which are exclusively imposed "by the commissioner where such penalty is based on a violation of this chapter; by the chair of the workers' compensation board where such penalty is based on a violation of the workers' compensation law; and by the commissioner of taxation and finance when such penalty is based on a violation of the tax law […]." NYLL § 862-d(1). Thus, Plaintiffs have no legal right or standing to enforce the Fair Play Act's civil penalty provisions, and their Fair Play Act § 862-d claim should be dismissed on this ground as well.

### C.    Plaintiffs' Breach of Contract Claim is Frivolous

Plaintiffs' "common law breach of contract" claim alleges an "implied contract" existed between UPS and the Plaintiffs/Putative Class Members based exclusively on UPS's duty to "comply with all applicable federal and state wage-and-hour laws" including properly paying overtime, proper exemption classification, accurate recordkeeping, and providing accurate wage notices and statements. (Lajewski Decl., Ex. I at ¶¶ 209 – 211, 213).

"To form a valid contract under New York law, there must be offer, acceptance, consideration, mutual assent and intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d. Cir. 2004) (internal quotation marks omitted). A pre-existing legal obligation to comply with federal and state wage and hour laws <u>cannot</u> be the consideration necessary to create a contract. *Goncalves v. Regent International Hotels, Ltd.,* 58 N.Y.2d 206, 220 (1983) ("[A] statutory obligation cannot be transformed into a contractual performance ... nor may [a] statutory right be transformed into a contractual privilege"); *see also Murray v. Northrop Grumman Information Tech, Inc.,* 444 F.3d 169, 178 (2d Cir. 2006) ("[a] promise to perform a pre-existing legal obligation does not amount to consideration"); *Zheng v. City of New York*, 93 A.D.3d 510, 512 (N.Y. App. Div. 2012) (holding that a promise to comply with an existing regulation, like a promise to comply with an existing law, is not valid consideration).

Accordingly, Plaintiffs cannot, as a matter of law, maintain a breach of contract claim based on UPS's alleged violation of New York wage and hour laws, and Plaintiffs' breach of contract claim should be dismissed. *See e.g. Krichman v. J.P. Morgan Chase & Co.*, No. 06 CV 15305, 2008 WL 5148769 at *4 (S.D.N.Y. Dec. 8, 2008) (dismissing breach of contract claim where defendants alleged promise was to pay plaintiffs "all amounts due … in compliance with state and/or federal law, as this allegation amounted to "nothing more than an attempt to cloak statutory claims in a contract theory."); *Petras v. Johnson*, 92 CV 8298, 1993 WL 228014 at *3 (S.D.N.Y. June 22, 1993) (dismissing causes of action amounting to "nothing more than a claim that defendants intentionally frustrated the overtime laws.").

## IV. Plaintiffs' Allegations Regarding the NY AG Lawsuit are Irrelevant, Harassing and Scandalous, and Must be Stricken Pursuant to Fed. R. Civ. P. 12(f).

Pursuant to FRCP 12(f), a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." "A movant under Rule 12(f) must show that: (1) no evidence

in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Joseph v. Frontier Airlines, Inc.*, 21-CV-6054 (WFK)(JRC), 2023 WL 6385702 at *2 (E.D.N.Y. Sept. 29, 2023), citing *Bank of Am., N.A. v. Ave. Imaging LLC*, 21-CV-5201, 2023 WL 3818549 at *8 (S.D.N.Y. June 5, 2023).

Here, Plaintiffs' multiple references to the lawsuit filed against UPS by the New York Attorney General's Office (the "NY AG Lawsuit") are scandalous and have no relevance to or bearing on Plaintiffs' claims. For example, the NY AG Lawsuit pertains to a completely different type of UPS employees –seasonal part time workers employed during peak season of October through January – not full time on-road supervisors (Lajewski Decl., Ex. I, ¶ 3.) Similar, the NY AG Lawsuit concerns an entirely different type of alleged misconduct – alleged off-the-clock work, improper meal deductions, and edited timekeeping practices, – not the alleged misclassification of employees as non-exempt. (Lajewski Decl., Ex. I, ¶ 4.)   Given these differences, the proofs implicated in the NY AG Lawsuit do not tend to prove or have any bearing whatsoever on whether exempt on-road supervisors met or failed to meet the salary threshold, exempt duties test, or exercised managerial authority, which are the proofs at issue in *Moyle 2*. Because of this, no evidence in support of the NY AG Lawsuit would be admissible in this case.

There can be no doubt that the NY AG Lawsuit is entirely collateral to *Moyle 2* and references to it were included in the *Moyle 2* complaint for the sole purpose of creating bias against UPS and to unfairly prejudice UPS in the case.   Because of this, all references to the NY AG Lawsuit, including all paragraphs and headings, should be stricken from the Complaint pursuant to FRCP 12(f).

19

**V.     Given the Frivolous Nature of Plaintiff's Claims, UPS Seeks Leave to File a Motion for Sanctions Against Plaintiffs and their Counsel.**

In addition to its request that the Court dismiss Plaintiff's Complaint in this matter, with prejudice, UPS seeks authorization to file a Motion for Sanctions, pursuant to F.R.C.P. 11. Rule 11(b)(3) requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Here, the five-year history of Plaintiffs' meritless litigations against UPS, and Plaintiffs and their counsel's refusal to dismiss this lawsuit despite the February 10, 2026 Rule 11 letter and the March 11, 2026 draft Motion for Sanctions – both of which set for in detail the factual and legal arguments contained in this Motion to Dismiss - demonstrates that Plaintiffs and their counsel will not voluntarily cease their baseless campaign against UPS. Dismissal with prejudice and monetary sanctions are necessary to deter this conduct and to compensate UPS for the substantial attorneys' fees and costs it has incurred defending against these frivolous claims. Accordingly, UPS respectfully requests leave to file a Motion for Sanctions pursuant to Rule 11 following dismissal of Plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, UPS respectfully requests that its motion be granted, and that the Complaint be dismissed, with prejudice, in its entirety, that all references to the NY AG Lawsuit be stricken from the Complaint, and that UPS be granted leave to file a Motion for Sanctions pursuant to Rule 11.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendant United Parcel Service, Inc.*

By:   */s/ Leslie A. Lajewski*
Leslie A. Lajewski, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Phone: (973) 656-1600
Fax: (973) 656-1611
Dated: June 18, 2026          leslie.lajewski@ogletree.com