

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletree.com

## LETTER BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT

August 10, 2026

**Via CM/ECF**
The Honorable Clay H. Kaminsky, U.S.M.J.
United States District Court
for the Eastern District of New York
225 Cadman Plaza East, Chambers 505 North
Brooklyn, New York 11201

**RE:**     *Moyle, et al. v. United Parcel Service, Inc.*
       <u>Case No.: 1:26-cv-00706-CHK</u>

Dear Judge Kaminsky:

We represent Defendant United Parcel Service, Inc. ("UPS") in the above-referenced matter. Per the Court's July 23, 2026 Order, UPS writes to oppose Plaintiffs' Motion for Leave to File a First Amended Class Action Complaint ("Motion to Amend"). [D.E. 21.] Plaintiffs' First Amended Complaint ("FAC") dismisses Plaintiffs Moyle, Steele, and Murray as Named Plaintiffs (although Murray is referenced in the FAC as a "class member"), and dismisses the Original Complaint's "Fair Play Act,[1]" and common law breach of contract claims. Under the FAC, Plaintiff Roy Welsh (the only remaining Named Plaintiff) intends to bring the following three claims on behalf of himself and a class of similarly situated On-Road Supervisors: (1) Failure to Pay Overtime (NYLL § 651); (2) Failure to Provide Wage Notices (NYLL § 195(1)); and (3) Failure to Provide Proper Wage Statements (NYLL § 195(3)).

As explained below, the Motion to Amend is futile, as the FAC still advances time-barred claims that independently fail as a matter of law. The mere repackaging of those claims in the FAC does not change the fact that all of Plaintiffs' claims fall outside the six-year statute of limitations and are still time-barred. As such, the Motion to Amend should be denied.

---

[1] Despite dismissing the Fair Play Act claim and failing to allege any facts showing that On-Road Supervisors were improperly misclassified as independent contractors, the FAC contains many irrelevant references to the law and its requirements. (*See, e.g.,* FAC. ¶¶ 23-28, 66-68.) These irrelevant references should be stricken to the extent Plaintiffs' FAC survives dismissal.

**A South Carolina Professional Corporation** ■ Steven J. Luckner ■ *New Jersey Managing Shareholder*

Atlanta ▪ Austin ▪ Baltimore ▪ Berlin ▪ Birmingham ▪ Boston ▪ Buffalo ▪ Calgary ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro
Fresno ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ Lexington ▪ London ▪ Los Angeles ▪ Memphis ▪ Mexico City ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal
Morristown ▪ Munich ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR
Raleigh ▪ Richmond ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ St. Louis ▪ St. Thomas ▪ Stamford ▪ Tampa ▪ Toronto ▪ Torrance ▪ Washington, D.C.

The Honorable Clay H. Kaminsky, U.S.M.J.
August 10, 2026
Page 2

A.      Plaintiffs' Amended Claims Are Futile

"A motion to amend may properly be denied on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the proposed amendment." *Caputo v. Copiague Union Free Sch. Dist.*, 218 F. Supp. 3d 186, 191 (E.D.N.Y. 2016). When previously considering the futility of such motions to amend, the Court has applied the standard set forth in Rule 12(b)(6), dismissing such motions "if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle [plaintiff] to relief." *Jones v. County of Suffolk*, 236 F. Supp. 3d 688, 702 (E.D.N.Y 2017) (dismissing plaintiff's motion to amend based on futility) (internal citations omitted).

Here, the FAC suffers from the same legal and procedural flaws identified in UPS's Motion to Dismiss Plaintiffs' Original Complaint, making the amendment futile. These fatal issues are not cured by Plaintiffs' proposed amendments and will still exist even if Plaintiffs are granted leave to file the FAC—in response to which UPS will be forced to file yet another motion to dismiss. First and foremost, Welsh's proposed amended claims "on behalf of [Welsh] and all other On-Road Supervisors employed by [UPS] in New York from January 28, 2018, through present…" are still untimely. (FAC at ¶ 1.) All causes of action in the FAC are subject to a six-year statute of limitations (*i.e.*, January 12, 2020, six years prior to the January 12, 2026 filing of the Original Complaint). However, Welsh's employment with UPS ended on July 20, 2019 - *over seven (7) years ago* (*see* Orig. Compl. at ⁋ 11), meaning he has no timely claims.

Welsh attempts to invoke CPLR § 205(a) to relate his claims back to the 2024 "*Moyle 1*" matter. (FAC at ¶ 84(b).) But, as explained in UPS's Motion to Dismiss, this matter ("*Moyle 2*") does not arise from the same "transaction or occurrence" as *Moyle 1*, and therefore does not qualify for CPLR § 205(a)'s protections. [D.E. 18-1 at 8-11.] The FAC is also, at a minimum, Welsh's *third* invocation of CPLR § 205(a), which is forbidden by the binding precedent in *Ray v. Ray,* 22 F.4th 69 (2d Cir. 2021). Even if Plaintiffs' argument that the New York Supreme Court, Appellate Division's decision in *Tumminia v. Staten Is. Univ. Hosp.*, 237 N.Y.S.3d 90 (2nd Dep't, 2025) is controlling— and Plaintiffs are thereby allowed a chain of timely filed and served matters—*Moyle 1* was dismissed by the Hon. LaShann D'Arcy Hall, U.S.D.J. because it had not been timely served in accordance with CPLR § 205(a). [*See* D.E. 18-1 at 12-13.] Thus, Plaintiffs' chain of CPLR § 205(a) matters was broken when *Moyle 1* was not timely filed and served, and Plaintiffs cannot relate *Moyle 2* back to *Moyle 1*. As UPS's Motion to Dismiss makes clear, whether the Court follows the interpretations of CPLR § 205(a) set forth in *Ray* or in *Tumminia,* both forbid Welsh from invoking CPLR § 205(a) to toll the expired statute of limitations.

Second, even if they were timely, Welsh's amended NYLL § 195(1) claim still does not state a viable claim for relief. As set forth in UPS's moving brief, the NYLL § 195 wage notice claim fails because (1) the annual wage notice requirement was eliminated effective January 1, 2015, well before any applicable limitations period, meaning UPS had no obligation to provide annual notices at any relevant time; and (2) any claim based on the content of wage notices provided at the time of hire is time-barred as Welsh was hired years before the limitations period. [*See* D.E. 18-1 at 14-18.] Plaintiffs' Motion to Amend does nothing to save this cause of action from dismissal and, as such, allowing any such amendment would be futile.

Finally, the FAC takes no steps to remove the direct and indirect references to the lawsuit filed against UPS by the New York Attorney General's Office (the "NY AG Lawsuit") present within the Original Complaint. (*See* FAC at ¶¶ 3-6, 33-37, 73-77, 80, 122-125, 152-159.) As detailed in the Motion to Dismiss—which UPS respectfully incorporates here by reference—Plaintiffs' references to the NY AG Lawsuit are scandalous, and have no relevance to Plaintiffs' claims in this case. [*See* D.E. 18-1 at 18-19.] Assuming, *arguendo*, that the Court chooses to grant the Motion to Amend (which UPS requests not be done), UPS asks that all references to the NY AG Lawsuit, including all paragraphs and headings, should be stricken from the FAC, pursuant to Fed. R. Civ. P. 12(f).

B.      Plaintiffs Know the FAC's Claims are Futile and their Motion to Amend is Made in Bad Faith

Having been repeatedly informed of the untimeliness of their claims, Plaintiffs' Motion to Amend should not only be dismissed for its futility but should result in sanctions against Plaintiffs and their counsel on account of their bad faith. Your Honor himself informed Plaintiffs' counsel of *Tumminia*'s pitfalls during the October 28, 2025 initial conference in the *Palaguachi* matter. Specifically, Your Honor stated:

> So that, Mr. Blackburn, is your other problem, which is that -- I don't -- and maybe I missed something else in *Tumminia* that you'll bring to my attention, but it does seem to be -- it does seem to have to be an unbroken chain, because certainly the New York State legislature did not intend for you to be able to piggyback on an untimely claim. At least I would be very surprised if it did so.

> So you do have this *Ray v. Ray* vs. *Tumminia* problem, but even if you prevail there, you have this broken chain problem. [D.E. 18-10].

On February 10, 2026, following this conference in *Palaguachi*, UPS served Plaintiffs' counsel with a Rule 11 letter, followed by a formal draft Motion for Sanctions on March 11, 2026, in accordance with Rule 11(c)(2). [D.E. 18-13 – 18-22]. To date, and despite the repeated efforts of UPS's counsel, Plaintiffs have refused to withdraw their untimely claims. Instead, Plaintiffs file this Motion to Amend, creating more work for the Court while forcing UPS to incur further unnecessary legal fees.

Given Plaintiffs' insistence on maintaining this clearly baseless lawsuit despite being aware of its futility, the Motion to Amend is clearly bad faith. In addition to denying the Motion to Amend and dismissing Plaintiffs' Complaint, the Court should award UPS sanctions against Plaintiffs and their counsel, in the hopes that this serves as a long-needed deterrent against the filing of future baseless litigation.

For the reasons set forth above, UPS respectfully requests that Plaintiffs' Motion to Amend be denied, and that the lawsuit be dismissed, with prejudice.

Respectfully submitted,

*/s/Leslie A. Lajewski*

Leslie A. Lajewski