Ogletree Deakins

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
*ATTORNEYS AT LAW*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletree.com

Leslie A. Lajewski
(973) 630-2322
leslie.lajewski@ogletree.com

**SUPPLEMENTAL LETTER BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

September 18, 2026

**VIA CM/ECF**

The Honorable Clay H. Kaminsky, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Daniel Moyle, et al. v. United Parcel Service, Inc.**
Case No. 1:26-cv-706-CHK

Dear Judge Kaminsky:

This office represents Defendant United Parcel Service ("UPS") in the above-referenced action. Per the Court's September 11, 2026, Order, UPS respectfully submits this Supplemental Letter Brief in Support of its Motion to Dismiss ("Supplemental Brief").

As an initial matter, despite the Court's Order, Plaintiffs have yet to file the Amended Complaint (which was ordered to by filed by September 14). Assuming Plaintiffs "Proposed First Amended Class Action Complaint" (contained in [D.E. 22]) is the operative pleading, UPS respectfully avers it fails to state a claim for relief for the same reasons raised in UPS's Motion to Dismiss the Original Complaint, and Opposition to Plaintiffs' Motion for Leave to File a First Amended Class Action Complaint [respectively, D.E.s 18, 24, 25].

As explained in UPS's prior filings, Plaintiffs' claims are time barred because their statutes of limitations are not tolled by CPLR § 205(a) because: (i) the claims arise from a different "transaction or occurrence," than the antecedent-*Moyle 1* matter, (ii) the binding precedent in *Ray v. Ray*, 22 F.4th 69 (2d Cir. 2021) forbids Murray from invoking CPLR § 205(a) more than once, yet he has invoked it multiple times; and (iii) the persuasive precedent in *Tumminia v. Staten Is. Univ. Hosp.*, 237 N.Y.S.3d 90 (2nd Dep't. 2025) forbids a successive filing based on CPLR § 205(a) where the antecedent case was not timely filed *and* served in compliance with CPLR § 205(a).

This Supplemental Brief respectfully provides an up-to-date discussion of Second Circuit and New York State authority addressing the relevant tolling feature of CPLR § 205(a). As demonstrated

below, the law has remained consistent with UPS's aforementioned arguments and further supports UPS's argument that all of Plaintiffs' claims must be dismissed as untimely.

1. ***Ray v. Ray*** **Remains the Controlling Second Circuit Authority, and it Permits Just One Successive Application of CPLR § 205(a)**

As previously discussed, this Court is bound by the Second Circuit's interpretation of the tolling features of CPLR § 205(a) in *Ray* because the highest court of New York has issued no opinion interpreting those tolling features. UPS has reviewed all cases citing to *Ray*, and confirms that no Second Circuit decision, or any other federal court within the Second Circuit, has overruled, limited, or otherwise called into question *Ray*'s holding that CPLR § 205(a) authorizes only a single additional opportunity to refile after a first or initial claim is dismissed. The only case containing substantive discussion of this holding is *Windward Bora LLC v. Sotomayor*, 113 F.4th 236 (2d Cir. 2024), which was referenced in UPS's prior briefing. *Windward* reaffirms *Ray*'s interpretation that CPLR § 205(a) forbids successive applications of CPLR § 205(a) beyond the first refiling. (*Id*. at 242.) Accordingly, *Ray*'s holding remains controlling law in the Second Circuit, and Plaintiffs' claims should be dismissed as untimely for the reasons contained in UPS's previous briefing.

2. **Subsequent New York State Cases Confirm that CPLR § 205(a) only Permits Successive Re-filings if the Refiled Matter is Filed *and* Served Within Six Months**

With regard to Plaintiffs' reliance on *Tumminia*, two cases decided after the close of briefing confirms that successive filings under CPLR § 205(a) are proper only where each filing is timely filed *and* served within the deadlines set by CPLR § 205(a). These cases independently support UPS's arguments for dismissal and directly contradict Plaintiffs' argument that *Tumminia* and its progeny hold that tolling under CPLR § 205(a) depends exclusively on timely filing, not timely service.

The Second Department (the same court that decided *Tumminia*) held in *Suffolk County Public Administrator v. Davin's Funeral Home, Inc.*, 2026 WL 2589959, at *2 (N.Y. App. Div. 2d Dep't Sept. 2, 2026) that CPLR § 205(a) was satisfied because "this action was commenced, ***and service upon the Town and the County was effectuated***, in September 2023, less than six months from the termination of the 2016 action." *Id.* (emphasis added). The court's decision explicitly held that both filing and service within the six-month period established by CPLR § 205(a) are necessary conditions for the tolling features of CPLR § 205(a) to apply.

The First Department held in *Edwards v. Mount Sinai/St. Lukes Hosp.*, 2026 WL 2547319, at *5 (N.Y. Sup. Ct. Aug. 20, 2026) also permitted successive filings based on CPLR § 205(a), noting "this does not mean that CPLR § 205(a) supplies an unlimited perpetual toll. Each invocation [of CPLR § 205(a)] ***remains subject to the statute's express conditions***, including that the prior action was timely commenced, that its termination falls outside the enumerated exclusions, that the new action concerns the same transaction or occurrence, ***and that service is effected within the statutory period.***" *Id.* (emphasis added); *see also Margiotta v. Bay Park Ctr. for Nursing & Rehab.*, 259 N.Y.S.3d 836, at *3 (N.Y. Sup. Ct. 2026) ("the First Department recently resolved this issue and held that a plaintiff is entitled to use the savings clause of CPLR 205 more than once … the statute permits

successive recommencements so long as each action independently satisfies its requirements, and it is undisputed that this action was timely commenced").

These cases directly contradict Plaintiffs' position that timely service is irrelevant to the CPLR § 205(a) analysis. Rather, they reinforce that timely service is a required element to properly toll a claim under CPLR § 205(a). There is no dispute that Judge DeArcy Hall dismissed *Moyle 1* precisely because Plaintiffs failed to serve UPS within six months. As is made clear by these authorities, *Moyle 1*'s untimely service breaks the chain of timely filings under *Tumminia* and requires that Plaintiffs' claims be dismissed as untimely for the reasons contained in UPS's aforementioned briefing.

In sum, the new authority located by UPS only further confirms the grounds for dismissing Plaintiffs' claims. For these reasons, and the reasons set forth in UPS's prior submissions, the Court should dismiss the Amended Complaint with prejudice.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Leslie A. Lajewski*

Leslie A. Lajewski

LAL/fs
Enclosure
cc: Counsel of Record (via UPS w/ encls.)